# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

JULIAN FLORES,

          Petitioner,

    v.                                    CASE NO. 16-3022-SAC

TRAVIS NICKELSON,

          Respondent.

## MEMORANDUM AND ORDER

On January 21, 2016, plaintiff, a prisoner confined at the El Dorado Correctional Facility in El Dorado, Kansas, filed this pro se civil complaint under 42 U.S.C. § 1983, alleging that the defendant improperly withheld medical care from plaintiff during his confinement. This matter is before the court on the following motions: (1) plaintiff's Motion for Extension of Time (Doc. #10); (2) plaintiff's Motion for Copies of Martinez Report, Affidavits and Documents (Doc. #11); (3) plaintiff's Second Motion for Extension of Time (Doc. #13); (4) plaintiff's Motion to Amend Complaint (Doc. #16); (5) defendant's Motion for Leave to File Out of Time Suggestions in Opposition to Plaintiff's Motion for Leave to Amend Complaint (Doc. #18); (6) plaintiff's Motion for Extension of Time (Doc. #19); and (7) plaintiff's Motion for Extension of Time (Doc. #20).

The court has reviewed and finds the following motions of plaintiff should be denied as moot: (1) Motion for Extension of Time (Doc. #10); (2) Motion for Copies of Martinez Report, Affidavits and Documents (Doc. #11); (3) Second Motion for Extension of Time (Doc. #13); (4) Motion for Extension of Time (Doc. #19); and (5) Motion for Extension of Time (Doc. #20).

<u>Plaintiff's Motion for Leave to Amend the Complaint (Doc. #16) and
Defendant's Motion for Leave to File Out of Time Suggestions in Opposition to Plaintiff's
Motion to Amend Complaint (Doc. #18)</u>

Plaintiff seeks to amend the complaint to name three additional defendants, and to refine the allegations as to each defendant. Fed. R. Civ. P. 15 governs amendments to pleadings generally. Except when an amendment is pleaded as a "matter of course," as defined by the rule, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Courts must "freely give leave when justice so requires." *Id.* "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. W., Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

Prejudice to the non-moving party is the most important factor in deciding a motion to amend the pleadings. *Minter v. Prime Equip. Co.,* 451 F.3d 1196, 1207 (10th Cir. 2006). "Rule 15 . . . was designed to facilitate the amendment of pleadings except where prejudice to the opposing party would result." *Id.* (quoting *United States v. Hougham,* 364 U.S. 310, 316, 81 S.Ct. 13, 5 L.Ed.2d 8 (1960). Courts will typically only find prejudice when an amendment unfairly affects non-movants "'in terms of preparing their [response] to the amendment.'" "However, the expenditure of time, money, and effort alone is not grounds for a finding of prejudice."

Plaintiff's proposed amendments simply clarify the original claim and raise no "significant new factual issues" arising from "a subject matter different than that which was set

forth in the original complaint." *See Minter,* 451 F.3d at 1208.  As such, the proposed amendments do not unfairly prejudice defendant.  Accordingly, plaintiff's motion for leave to amend is granted and the Clerk is hereby directed to file plaintiff's proposed Amended Complaint.

Finally, defendant's motion for leave to file out of time his suggestions in opposition to plaintiff's motion to amend the complaint is not well-taken.  First, lead counsel for defendant alleges no specific facts to show excusable neglect for the delay in filing, as required by *Quigley v. Rosenthal*, 427 F.3d 1232, 1238 (10th Cir. 2005).  Moreover, defendant lacks standing to assert a futility claim on behalf of the proposed defendants, which is the basis of defendant's proposed suggestions in opposition. *Coleman v. Apple Eight Hospitality Mgmt., Inc.*, 2017 WL 1836974, at *2-3 (D. Kan., May 8, 2017).  The court therefire denies defendant's motion.

**IT IS THEREFORE BY THE COURT ORDERED** that plaintiff's motion to amend the complaint (Doc. #16) is granted and the clerk is directed to file the proposed amended complaint.

**IT IS FURTHER ORDERED** that the clerk's office issue waiver of service of summons forms, Fed. R. Civ. P. 4(d), to each new defendant at no cost to plaintiff absent a showing that plaintiff is able to pay the cost for such service.

**IT IS FURTHER ORDERED** that defendant's motion for leave to file out of time his suggestions in opposition to plaintiff's motion to amend the complaint (Doc. #18) is denied.

**IT IS FURTHER ORDERED** that the following motions of plaintiff are denied as moot:  (1) Motion for Extension of Time (Doc. #10); (2) Motion for Copies of Martinez Report,

Affidavits and Documents (Doc. #11); (3) Second Motion for Extension of Time (Doc. #13); (4) Motion for Extension of Time (Doc. #19); and (5) Motion for Extension of Time (Doc. #20).

**IT IS SO ORDERED**.

Dated this 28th day of July 2017, in Kansas City, Kansas.

                                                **s/ David J. Waxse**
                                                **David J. Waxse**
                                                **U.S. Magistrate Judge**