IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JULIAN FLORES,

    Plaintiff,

    v.

    Case No. 16-3022-JAR

TRAVIS NICKELSON, ET AL.,

    Defendants.

## MEMORANDUM AND ORDER

Plaintiff is a prisoner at the El Dorado Correctional Facility in El Dorado, Kansas. He brings this action under 42 U.S.C. § 1983, alleging deliberate indifference in violation of the Eighth Amendment after he suffered a groin injury on February 24, 2014. Before the Court is Defendants C. Gordon Harrod, M.D., Deanna R. Morris, and Corizon Health's Motion to Dismiss (Doc. 34). The Court has provided Plaintiff with several opportunities to respond to this motion since the time it was filed on September 26, 2017. The Court considers his various filings in response to Defendants' motion, and in response to the Court's November 2, 2017 Order to Show Cause why this motion should not be granted for failure to respond. As described more fully below, Defendants' motion to dismiss is granted because Plaintiff's claims against these Defendants are barred by the applicable statute of limitations.

### I. Background

Plaintiff filed his original Complaint on January 21, 2016, against Defendant Travis Nickelson. The Complaint alleged that Nickelson is an APRN employed by Corizon Correctional Healthcare, which is a contract healthcare provider for the Kansas Department of Corrections. Plaintiff alleged that Nickelson treated him with deliberate indifference after he suffered a groin injury on February 24, 2014. A Martinez Report was filed on June 24, 2016,

and on July 28, 2017, Magistrate Judge Waxse granted Plaintiff's motion to amend his complaint to name three additional Defendants: Corizon Health, Dr. Harrod, and Morris, an LPN who allegedly reviewed and signed each of Plaintiff's sick call requests regarding his symptoms and requests to see a doctor, and who examined Plaintiff on April 1, 2014.

According to both the Original and Amended Complaints, Dr. Harrod treated Plaintiff for the first time on April 7, 2014.  The surgery that ultimately relieved Plaintiff's symptoms was performed on June 6, 2014.  According to the Amended Complaint, Morris should have been aware of Plaintiff's serious symptoms and ensured he received more prompt medical attention when she reviewed his complaints and examined him between February 24, 2014, and April 1, 2014.

## II.   Discussion

Defendants Corizon Health, Morris, and Dr. Harrod move to dismiss the claims asserted against them for the first time in the Amended Complaint as time-barred.  The statute of limitations for claims brought under 42 U.S.C. § 1983 is governed by the personal injury statutes for the state in which the federal district court sits.[1]  While state law provides the statute of limitations period, federal law determines the date on which the claim accrues and the statute begins to run.[2]  State law also determines any tolling of the limitations period, although federal law may allow for additional tolling in rare circumstances.[3]  A claim brought under § 1983 is characterized as a personal injury tort for statute of limitations purposes.[4]  In Kansas, the statute

---

[1] *Mondragon v. Thompson*, 519 F.3d 1078, 1082 (10th Cir. 2008) (citing *Wilson v. Garcia*, 471 U.S. 251 (1985)); *Graham v. Taylor*, 640 F. App'x 766, 769 (10th Cir. 2016).

[2] *Mondragon*, 519 F.3d at 1078 (citing *Wallace v. Kato*, 549 U.S. 384 (2007)); *Graham*, 640 F. App'x at 769.

[3] *Mondragon*, 519 F.3d at 1078 (citation omitted).

[4] *Wallace*, 549 U.S. at 387; *Garcia v. Wilson*, 731 F.2d 640, 651 (10th Cir. 1984).

of limitations for personal injury actions is two years.[5] Therefore, to be timely, Plaintiff's claim against the moving Defendants must have accrued within the two years prior to the date he filed his Amended Complaint on July 28, 2017.

"A civil rights action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action."[6] It is not necessary that the plaintiff know of all the evidence that he ultimately relies on for the statute of limitations to accrue.[7] Assuming as true the facts alleged in the Complaint and Amended Complaint, Plaintiff's claim accrued when the alleged deliberately indifferent treatment occurred in 2014, well over two years before he filed his Amended Complaint. Therefore, his civil rights claims against Defendants Corizon, Dr. Harrod and Morris are barred by the statute of limitations and must be dismissed.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendants C. Gordon Harrod, M.D., Deanna R. Morris, and Corizon Health's Motion to Dismiss (Doc. 34) is **granted**;

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Extension of Time to File Response to Answer, Motion to Dismiss, and Show Cause Order (Doc. 43) is **moot**;

**IT IS FURTHER ORDERED** that Defendants' Joint Motion to Strike Response (Doc. 49) is **denied**.

**IT IS SO ORDERED.**

Dated: January 17, 2018

                   S/ Julie A. Robinson
                   JULIE A. ROBINSON
                   CHIEF UNITED STATES DISTRICT JUDGE

---

[5] K.S.A. § 60-513(a)(4).

[6] *Price v. Philpot*, 420 F.3d 1158, 1162 (10th Cir. 2005).

[7] *Id.*