UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JULIAN FLORES,

                Plaintiff,

v.                                              Case No. 16-3022-JAR

TRAVIS NICKELSON,

                Defendant.

## ORDER

Plaintiff, a former state inmate, brings this civil-rights action pursuant to 42 U.S.C. § 1983. He alleges deliberate indifference in violation of the Eighth Amendment arising from a groin injury he suffered while incarcerated at the El Dorado Correctional Facility in El Dorado, Kansas. Plaintiff now seeks leave to amend his complaint to add a medical-malpractice claim against defendant Travis Nickelson, and also to assert a third-party beneficiary breach of contract claim against former defendant Corizon Health ("Corizon") (ECF No. 68). For the reasons set forth below, the motion is granted.[1]

**I. Background**

Plaintiff filed his original complaint, *pro se*, on January 21, 2016, against defendant Nickelson.[2] The complaint alleged that Nickelson is an APRN (i.e., advanced practice registered nurse) employed by Corizon Correctional Healthcare, a contract

---

[1] The court need not here address plaintiff's request that his medical-malpractice claim relate back to the date of his original pleading. Although it appears the claim plainly relates back to the original complaint, defendant Nickelson does not oppose the motion to amend as futile based on the applicable statute of limitations.

[2] ECF No. 1.

1

healthcare provider for the Kansas Department of Corrections. Plaintiff alleged that Nickelson treated him with deliberate indifference after he suffered a groin injury on February 24, 2014.

On October 19, 2016, plaintiff sought leave to amend his complaint to name three additional defendants: Corizon Health, C. Gordon Harrod, M.D., and Deanna R. Morris, LPN.[3] Plaintiff's motion was granted on July 28, 2017, and plaintiff filed his amended complaint the same day.[4] Defendants Corizon Health, Harrod, and Morris filed a joint motion to dismiss the claims asserted against them for the first time in the amended complaint as time-barred by the applicable statute of limitations.[5] On January 17, 2018, the presiding U.S. District Judge, Julie A. Robinson, granted that motion to dismiss.[6] Plaintiff thereafter retained counsel and, on March 22, 2018, the undersigned U.S. Magistrate Judge, James P. O'Hara, conducted a telephone scheduling conference with the parties. The court subsequently entered a scheduling order, setting April 19, 2018 as the deadline for filing any further motion to amend the pleadings.[7]

On April 6, 2018, plaintiff filed the instant motion for leave to file a second amended complaint. As previously indicated, plaintiff seeks leave to assert a medical-malpractice claim against Nickelson, and to assert a third-party beneficiary breach of

---

[3] ECF No. 16.

[4] ECF Nos. 24 and 25.

[5] ECF No. 34.

[6] ECF No. 51.

[7] ECF No. 62.

contract claim against former defendant Corizon.  The court addresses each in turn.

**II.    Analysis**

Under Fed. R. Civ. P. 15(a)(2), once a responsive pleading has been filed and twenty-one days have passed, "a party may amend its pleading only with the opposing party's written consent or the court's leave."  Rule 15 dictates the court "should freely give leave when justice so requires."[8]  Although the granting of a motion to amend is within the court's discretion, the Supreme Court has indicated that Rule 15's directive to "freely give leave" is a "mandate … to be headed."[9]  Nonetheless, a court may deny leave to amend upon "a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."[10]

Medical-Malpractice Claim

Nickelson opposes plaintiff's amendment on the basis of undue prejudice, arguing that he's been preparing his defense for more than two years "based upon the high standard of deliberate indifference and its intensified focus on Nurse Nickelson's own subjectivity and mental state."[11]  Nickelson claims he would have investigated a state malpractice claim and pursued discovery in a different manner, had such a claim been

---

[8] Fed. R. Civ. P. 15(a)(2).

[9] *Foman v. Davis*, 371 U.S. 178, 182 (1962).

[10] *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir. 2010) (quoting *Duncan v. Manager, Dep't of Safety, City & Cnty. of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005)).

[11] ECF No. 71 at 7.

properly raised two years ago.

The Tenth Circuit has determined that prejudice to the non-moving party is the most important factor in deciding a motion to amend the pleadings.[12] "Courts typically find prejudice only when the amendment unfairly affects the defendants 'in terms of preparing their defense to the amendment.'"[13] This occurs, most often, "when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues."[14] Nickelson, as the party opposing the amendment, has the burden of showing prejudice.[15]

The court finds Nickelson's prejudice assertions insufficient to deny the motion to amend. Although the medical-malpractice and deliberate-indifferent claims are subject to different elements of proof, both claims arise from identical facts. The court notes the affirmative defenses contained in Nickelson's responsive pleading specifically address "any negligence claims asserted against [Nickelson]" and allege that in treating plaintiff, Nickelson "exercised the same degree of care, skill and diligence as other physicians and nursing staff would have exercised under similar circumstances."[16] Defendant hasn't sufficiently demonstrated the different type of investigation or discovery he would have

---

[12] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1207 (10th Cir. 2006).

[13] *Id.* at 1208 (quoting *Patton v. Guyer*, 443 F.2d 79, 86 (10th Cir. 1971)).

[14] *Id.*

[15] *Layne Christensen Co. v. Bro-Tech Corp.*, No. 09-2381-JWL, 2011 WL 3847076, at *4 (D. Kan. Aug. 29, 2011).

[16] ECF No. 9.

undertaken had the medical-malpractice claim been asserted in the initial complaint, much less made any non-speculative showing that he can no longer conduct such investigation or discovery.

The court further observes that plaintiff filed his motion to amend within the scheduling-order deadline. No discovery has been conducted to date, with the exceptions of Rule 26(a) initial disclosures and Nickelson's recently-served first interrogatories and requests for production of documents.[17] In light of the foregoing, the court finds any delay or prejudice insufficient to deny plaintiff's motion.

<u>Breach of Contract Claim</u>

Corizon argues plaintiff's proposed breach of contract claim should be barred consistent with the principles of finality and *res judicata*. Corizon claims plaintiff opposed its motion to dismiss, in part, by arguing that plaintiff "was actually bringing a breach of contract claim against Corizon and that such a claim would not be subject to the same statute of limitations as a deliberate indifference claim."[18] Corizon asserts that because the court's January 17, 2018 order didn't specify whether Corizon's dismissal was "with prejudice" or "without prejudice," the order operates as "an adjudication on the merits" under Fed. R .Civ. P. 41(b).

Even assuming Corizon's standing to oppose plaintiff's motion to amend, or

---

[17] ECF No. 76.

[18] ECF No. 71 at 2.

Nickelson's standing to assert futility on behalf of Corizon,[19] the court, in its discretion, declines to deny plaintiff's motion to amend on the basis of futility. Based on the instant briefing, the court instead defers consideration of the futility arguments to Judge Robinson, if and when Corizon files a motion to dismiss the second amended complaint.

Insofar as Corizon separately asserts that it will be unduly prejudiced by the "extensive investigation, … drastic shift in strategy, and additional discovery and motion work" necessitated by the amendment,[20] the court finds the conclusory assertions insufficient to deny plaintiff's motion. In any event, any prejudice Corizon might otherwise suffer can largely be eliminated by re-setting existing deadlines and settings after Corizon is re-served with process. The court permits this relief below.

IT IS THEREFORE ORDERED that plaintiff's motion to file a second amended complaint is granted. By **June 5, 2018**, plaintiff shall file his second amended complaint as a separate docket entry.

IT IS FURTHER ORDERED that all pending deadlines and settings are vacated, to allow time for any review by the Honorable Judge Robinson, for Corizon to be re-served with process (if defense counsel's not able or willing to waive or accept service of process), and for Corizon to be heard on how the new claims would impact discovery.

IT IS FURTHER ORDERED that this matter is set for a telephone status

---

[19] *See Coleman v. Apple Eight Hospitality Mgmt., Inc.*, No. 16-1343-JTM, 2017 WL 1836974, at *3 (D. Kan. May 8, 2017) ("Current parties unaffected by a proposed amendment do not have standing to assert claims of futility on behalf of proposed defendants") and *Silva v. Ekis*, No. 15-3007, 2017 WL 5465531, at *1 (D. Kan. Nov. 14, 2017) (same).

[20] ECF No. 71 at 8.

conference on **July 9, 2018, at 9:00 a.m.** The parties are directed to call the conference line at 1-888-363-4749 and use access code 8914911 to join the conference.

    Dated June 1, 2018, at Kansas City, Kansas.

                                        s/ James P. O'Hara  
                                        James P. O'Hara  
                                        U.S. Magistrate Judge