# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**JULIAN FLORES,**

    **Plaintiff,**

    v.

**TRAVIS NICKELSON, et al.,**

    **Defendants.**

Case No. 16-3022-JAR-JPO

## MEMORANDUM AND ORDER

Plaintiff Julian Flores is a prisoner at the El Dorado Correctional Facility ("EDCF") in El Dorado, Kansas. He brought this action under 42 U.S.C. § 1983, alleging deliberate indifference in violation of the Eighth Amendment after he suffered a groin injury while exercising in his jail cell. The Court dismissed as untimely his § 1983 claims against Defendants C. Gordon Harrod, M.D., Deanna R. Morris, and Corizon Health,[1] leaving a remaining claim against Defendant Travis Nickelson, an Advanced Practice Registered Nurse ("APRN"). The Court subsequently granted Plaintiff leave to amend his claim to assert two new claims: a claim for medical malpractice against Nickelson and a third-party beneficiary breach of contract claim (Count III) against Corizon, LLC ("Corizon").[2] This matter is now before the Court on Defendant Corizon's Motion to Dismiss Count III of Plaintiff's Second Amended Complaint (Doc. 87) for failure to state a claim under Fed. R. Civ. P. 12(b)(6). For the reasons stated below, Corizon's motion is denied.

---

[1] Doc. 51. Corizon, LLC was incorrectly named as Corizon Health, f/k/a Prison Health Services, Inc.
[2] Doc. 81.

**I.     Legal Standard**

To survive a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6), a complaint must contain factual allegations that, assumed to be true, "raise a right to relief above the speculative level"[3] and must include "enough facts to state a claim for relief that is plausible on its face."[4] Under this standard, "the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims."[5] The plausibility standard does not require a showing of probability that "a defendant has acted unlawfully," but requires more than "a sheer possibility."[6] "[M]ere 'labels and conclusions,' and 'a formulaic recitation of the elements of a cause of action' will not suffice; a plaintiff must offer specific factual allegations to support each claim."[7] Finally, the court must accept the nonmoving party's factual allegations as true and may not dismiss on the ground that it appears unlikely the allegations can be proven.[8]

The Supreme Court has explained the analysis as a two-step process. For the purposes of a motion to dismiss, the court "must take all the factual allegations in the complaint as true, [but is] 'not bound to accept as true a legal conclusion couched as a factual allegation.'"[9] Thus, the court must first determine if the allegations are factual and entitled to an assumption of truth, or merely legal conclusions that are not entitled to an assumption of truth.[10] Second, the court must

---

[3]*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1216, at 235–36 (3d ed. 2004)).

[4]*Id*. at 570.

[5]*Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original).

[6]*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

[7]*Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555).

[8]*Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

[9]*Id*. (quoting *Twombly*, 550 U.S. at 555).

[10]*Id.* at 678–79.

determine whether the factual allegations, when assumed true, "plausibly give rise to an entitlement to relief."[11]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[12]

**II.     Facts**

The following facts are alleged in the Second Amended Complaint and assumed to be true for the purposes of deciding this motion.  Plaintiff suffered a groin injury while exercising in his cell on February 24, 2014.  He submitted a Health Services Request Form requesting to be seen by a doctor, but was instead seen by Nickelson, an APRN at EDCF.  After Nickelson prescribed Plaintiff antibiotics and pain medication, Plaintiff submitted Health Services Request Forms on February 25, 26, 27 and 28, complaining of severe pain and seeking to see a doctor.  He was eventually seen by Nickelson on February 28.  Plaintiff submitted another Health Services Request Form on April 1, 2014, and on April 7, was seen by a doctor who referred him to a urologist.  On May 1, 2014, Plaintiff was seen by the urologist, who on June 6, 2014, performed an orchiectomy, surgically removing Plaintiff's left testicle.

On or about October 3, 2013, the Kansas Department of Corrections ("KDOC") and Corizon entered into an Agreement for comprehensive health care services at Kansas correctional facilities, including but not limited to, EDCF.  Corizon is a Delaware corporation engaged in providing medical care and treatment to persons in correctional facilities such as EDCF.  The Agreement required Corizon to provide comprehensive healthcare services to

---

[11]*Id*. at 679.

[12]*Id.* at 678 (citing *Twombly*, 550 U.S. at 556).

inmates from January 1, 2014 until June 30, 2015, subject to four additional two-year extensions, in exchange for payment by the KDOC.

Plaintiff alleges that the nature of the Agreement between Corizon and the KDOC is such that both parties intended the inmates in the care, custody, and control of the KDOC and/or the EDCF to directly and substantially benefit from the performance of the Agreement. Plaintiff further alleges the purpose of the Agreement is clear, and it is intended to benefit inmates in the care, custody, and control of the KDOC and/or EDCF, including Plaintiff, the intended third-party beneficiary of the Agreement. At all relevant times, Plaintiff was an inmate in the care, custody, and control of the KDOC. Plaintiff claims that Corizon, by and through its agents, failed to provide Plaintiff with health care services that met the standard of the care of a physician and/or nurse in the State of Kansas, and Corizon therefore breached the Agreement. Upon information and belief, the State of Kansas, by and through the KDOC, paid Corizon pursuant to the Agreement. As a direct and proximate result of Corizon's material breach of the Agreement, Plaintiff suffered severe pain, mental anguish, and an agonizing medical condition that was easily treatable and curable.

## III. Discussion

### A. Breach of Contract

Corizon first moves to dismiss Count III on the grounds that Plaintiff lacks standing to sue as a third-party beneficiary, and alternatively, that Plaintiff fails to allege a breach of the contract between Corizon and the KDOC that would give rise to a third-party beneficiary claim. The Court discusses each argument in turn.

#### 1. Standing

The Court first addresses whether Plaintiff has standing to maintain a breach of contract

action as a third-party beneficiary.[13] In Kansas, "a qualified third-party beneficiary plaintiff [may] enforce a contract expressly made for his or her benefit even though he or she was not a party to the transaction."[14] To establish this standing, a plaintiff must show "he is one who the contracting parties intended should receive a direct benefit from the contract."[15] Because contracting parties are presumed to act for themselves, the intent to benefit a third party "must be clearly expressed in the contract."[16] However, the third-party beneficiary need not be an exclusive beneficiary, as the contract may "benefit the contracting parties as well."[17]

In determining whether the contracting parties intended to directly benefit a third party, courts apply the general rules of contract construction.[18] "The intention of the parties [is] determined from the instrument itself where the terms are plain and unambiguous. . . . However, [courts] will consider evidence of the facts and circumstances surrounding its execution when the instrument is ambiguous on its face and requires aid to clarify its intent."[19]

Plaintiff contends that he has pleaded sufficient facts in support of his third-party contractual claim. Plaintiff argues the purpose of the Agreement between Corizon and the

---

[13]*See Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1228 n.6 (10th Cir. 2012) ("To be clear, the term 'standing,' as used by the parties and the controlling case law in this appeal, and hence throughout this opinion, is meant in its ordinary sense of statutory or contractual standing—i.e., being in a position to assert or enforce legal rights or duties—and not in the sense of Article III standing. This type of standing goes to the merits of the claim and not the jurisdiction of this Court to hear it in the first instance.") (citing *Blanchard 1986, Ltd. v. Park Plantation, LLC*, 553 F.3d 405, 409 (5th Cir. 2008) ("This question of whether or not a particular cause of action authorizes an injured plaintiff to sue is a merits question, affecting statutory standing, not a jurisdictional question, affecting constitutional standing."); *Novartis Seeds, Inc. v. Monsanto Co.*, 190 F.3d 868, 871 (8th Cir. 1999) (recognizing that statutory standing "is entirely distinct from 'standing' for purposes of Article III")).

[14]*State ex rel. Stovall v. Reliance Ins. Co.*, 107 P.3d 1219, 1230–31 (Kan. 2005) (citing *Martin v. Edwards*, 548 P.2d 779, 785 (Kan. 1976)); PIK Civ. 3d 124.24).

[15]*Id.* (citing *Fasse v. Lower Heating & Air Conditioning, Inc.*, 736 P.2d 930, 932 (Kan. 1987)).

[16]*Id.*

[17]*Id.*

[18]*Wolfgang v. Mid-Am. Motorsports, Inc.*, 111 F.3d 1515, 1524 (10th Cir. 1997).

[19]*Id.* (citing *Fasse*, 736 P.2d at 933; *Martin*, 548 P.2d at 785–86).

KDOC—to benefit inmates in the custody of the KDOC including Plaintiff—is "clear." In support, Plaintiff cites to allegations in the Second Amended Complaint that the contract "required Corizon to provide comprehensive healthcare services to inmates at the [EDCF]";[20] that there is "no benefit to the Agreement provided to the [KDOC] and/or the [EDCF] apart from the benefits received by inmates in the care, custody, and control of the KDOC and/or the EDCF";[21] and that at all relevant times, he was an inmate in the care, custody, and control of the KDOC.[22] Plaintiff does not reference any specific contract provision in his Complaint. Corizon argues that the Agreement's specific provisions show a lack of intent to create this third-party benefit.[23]

The allegations in Plaintiff's Complaint and Corizon's limited representations leave the Court little to work with in the confines of a Rule 12(b)(6) motion. In the context of a Rule 12(b)(6) motion to dismiss, this Court may only consider the complaint itself, attached exhibits, and documents incorporated into the complaint by reference that are central to Plaintiff's claim.[24] Here, while the Agreement is central to Plaintiff's third-party beneficiary claim and Corizon's grounds for dismissal, neither party has furnished this Court with a copy of the Agreement. Nor does the Agreement appear to be publicly available, and the authenticity of a copy found online via a weblink provided in Corizon's reply cannot be determined.[25]

Nevertheless, the Court is not persuaded that, by not including the specific terms of the

---

[20]Doc. 81.

[21]*Id.*

[22]*Id.*

[23]Doc. 90.

[24]*Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009).

[25]Corizon cites to MuckRock.com, a website that publishes purported results of FOIA requests. Doc. 90 at 6.

Agreement, Plaintiff necessarily failed the pleading standard. Because "[p]leading is governed by Rule 8 of the Federal Rules of Civil Procedure, . . . [f]ederal law does not require [p]laintiff to recite the contract terms verbatim or attach a copy of the contract to the complaint."[26] Plaintiff alleges facts capable of satisfying his claim that he is a third-party beneficiary. Because the Agreement's specific terms cannot be reviewed, this Court must accept Plaintiff's plausible factual allegations and declines to conduct the necessary contract analysis without the benefit of the actual Agreement.

### 2. Breach

The Court next considers whether Plaintiff has adequately alleged a breach of the Agreement. Plaintiff alleges Corizon, a corporation engaged in providing medical care and treatment to inmates, contracted with the KDOC to provide medical care to inmates at EDCF.[27] Plaintiff further alleges that the Agreement requires Corizon to provide comprehensive health care services to inmates in the care, custody, and control of the KDOC.[28] Plaintiff also states "[a]s more fully set forth above, Corizon, by and through its agents, failed to provide Flores with health care services that met the standard of care of a physician and/or nurse in the State of Kansas."[29]

Corizon argues it cannot breach the Agreement in the manner alleged because it is not a health care provider and therefore cannot contract to provide health care services that meet the standard of care of a physician.[30] Corizon contends that it does not fit within any of the statutory

---

[26] *CB Lodging, LLC v. i3tel, LLC*, No. 08-2310-JAR, 2008 WL 4717092, at *4 (D. Kan. Oct. 20, 2008) (citation omitted).

[27] Doc. 81.

[28] *Id.*

[29] *Id.*

[30] Doc. 88.

definitions of a "health care provider," as defined in the Kansas Health Care Provider Insurance Availability Act, K.S.A. § 40-3401(f). That law defines a health care provider in relevant part as:

> . . . a person licensed to practice [or who holds a temporary permit to practice] any branch of the healing arts by the state board of healing arts; . . . a medical care facility licensed by the state of Kansas; . . . a Kansas limited liability company organized for the purpose of rendering professional services by its members who are health care providers . . . and who are legally authorized to render the professional services for which the limited liability company is organized; a partnership of persons who are health care providers under this subsection; [or] a Kansas not-for-profit corporation organized for the purpose of rendering professional services by persons who are health care providers as defined by this subsection.[31]

Prior decisions in this District appear to support Corizon's position in part. Those decisions analyzed whether Corizon and its predecessor to the KDOC Agreement, Contract Care Solutions, LLC, met the definition of health care provider, and were thus subject to a medical malpractice screening panel.[32] Both Magistrate Judge Rushfelt and Magistrate Judge Birzer found, after reviewing applicable Kansas law, that neither Contract Care Solutions nor Corizon met the definition of health care provider under § 40-3401(f).[33] As Judge Birzer explained, "[d]espite Corizon's admitted involvement with the medical services at issue in this [malpractice] case, the Kansas Supreme Court has noted 'a clear statement of public policy that general corporations who have unlicensed directors or shareholders are not authorized to practice

---

[31]K.S.A. § 40-3401(f).

[32]*Soto-Montes v. Corizon Health, Inc.*, No. 16-3052-JAR-GEB, 2018 WL 1083260, at *4 (D. Kan. Feb. 28, 2018); *Roadenbaugh v. Correct Care Sol., LLC*, No. 08-2178-CM-GLR (D. Kan. Feb. 24, 2009), *upheld on reconsideration*, 2009 WL 735136, at *1 (D. Kan. Mar. 19, 2009).

[33]*Soto-Montes*, 2018 WL 1083260, at *4; *Roadenbaugh*, 2009 WL 735136, at *5.

the healing arts.'"[34]  "Because Corizon is not an individual licensed to provide medical services, is not owned by physicians, and does not consist of exclusively physician members, it is not a 'health care provider' subject to the screening panel requirement."[35]  Thus, it appears Corizon is correct that it is not a health care provider for purposes of a malpractice action.

Corizon provides no authority, however, for its corollary conclusion that because it is not a health care provider for purposes of a malpractice action under § 40-3401(f), it cannot contract to provide health care services that meet the standard of care of a physician.  This issue appears to turn on the meaning of "comprehensive health care services," which the Court again considers within the parameters of the Complaint without benefit of the Agreement.  Plaintiff claims that Corizon breached the Agreement by failing to provide such comprehensive health care services that met the standard of care of a physician and/or nurse as required under the Agreement.  Thus, as the purported third-party beneficiary to the Agreement, Plaintiff states a plausible a breach of contract claim for failure to provide such services.  Indeed, Corizon details in its reply the comprehensive care it claims to have provided Plaintiff, therefore meeting its contractual obligation.[36]  This argument, however, assume facts beyond the pleadings and is beyond the constraints of a motion to dismiss under Rule 12(b)(6).  The Court finds that Plaintiff alleges facts capable of stating a claim that Corizon breached the terms of the Agreement.

Accordingly, the Court denies Corizon's motion to dismiss Count III, as the issues of standing and breach would be more appropriately resolved on summary judgment, addressing the

---

[34]*Soto-Montes*, 2018 WL 1083260, at *4 (quoting *Early Detection Center, Inc. v. Wilson*, 811 P.2d 860, 864–65 (Kan. 1991)).

[35]*Id.*

[36] Doc. 90.

parties' intent regarding third-party beneficiaries, the nature and extent of Corizon's obligations under the Agreement, and the facts specific to any breach of that obligation.

### B. Characterization of the Claim

Under Kansas law, a plaintiff is barred from mischaracterizing a malpractice claim to avoid a statute of limitations. "The general rule is that a plaintiff will not be permitted to characterize a tort action as one in contract in order to avoid the bar of the statute of limitations or governmental immunity."[37] Corizon argues the gravamen of Count III is medical malpractice, and that Plaintiff's claim should therefore be dismissed for improperly disguising a malpractice claim as a breach of contract claim in an effort to provide new life to its time-barred claim.[38] The Court disagrees.

The elements of malpractice are:

> (1) a health care provider owes a patient a duty of care and was required to meet or exceed a certain standard of care to protect the patient from injury; (2) the health care provider breached this duty or deviated from the applicable standard of care; (3) the patient was injured; and (4) the injury was proximately caused by the health care provider's breach of the standard of care.[39]

As noted, it appears that Corizon is not a health care provider as defined by § 40-3401(f), foreclosing any malpractice claim by Plaintiff. That being said, Plaintiff does not allege that the legal duty of care between a health care provider and patient has been breached, but rather, claims that Corizon breached its contractual duty to provide comprehensive health care services

---

[37] *Bonin v. Vannaman, M.D.*, 929 P.2d 754, 764 (Kan. 1996) (quoting *Travis v. Bishoff*, 54 P.2d 955 (Kan. 1936)).

[38] Corizon changes tack and argues for the first time in its reply that the gravamen of Plaintiff's claim is actually deliberate indifference, as raised in his previously dismissed § 1983 claim. The Court generally does not review issues raised for the first time in a reply brief. *See, e.g.*, *In re Gold Res. Corp Sec. Lit.*, 776 F.3d 1103, 1119 (10th Cir. 2015) (citation omitted).

[39] *Miller v. Johnson*, 289 P.3d 1098, 1128 (Kan. 2012).

under the standard of care required in the Agreement with the KDOC. Whether this is a distinction without a difference will be decided in the context of Plaintiff's adequately pled third-party beneficiary breach of contract claim.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Corizon's Motion to Dismiss Count III (Doc. 87) is **denied**.

**IT IS SO ORDERED.**

Dated: March 15, 2019

S/ Julie A. Robinson
JULIE A. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE
